UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| BRANDON S. MURPHY,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>**Commissioner of the Social<br>Security Administration,**<br><br>        Defendant. | Case No. EDCV 07-01441 AJW<br><br>MEMORANDUM OF DECISION |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental security income benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural history of this case, which is summarized in the Joint Stipulation. [See JS 2]. In a written hearing decision that constitutes the final decision of the Commissioner, an administrative law judge ("ALJ") found that plaintiff, who was then 19 years old, had severe mental impairments consisting of a learning disorder and an oppositional disorder. The ALJ concluded that plaintiff was not disabled prior to age 18 under the childhood disability standard because he did not have impairments resulting in any marked and severe functional limitation, and that plaintiff was not disabled once he turned

18 because his impairments did not preclude him from performing unskilled, entry-level jobs that exist in significant numbers in the national economy.[See JS 2; Administrative Record ("AR") 13-16, 51-54].

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision.  Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

## Discussion

**Treating psychiatrist**

Plaintiff contends that the ALJ erred in failing to consider and discuss the findings and opinion of Dr. Louis Glatch, plaintiff's psychiatrist at Barstow Counseling and Mental Health Center. [JS 3-11].

Dr. Glatch conducted an initial psychiatric evaluation of plaintiff in November 2003, when plaintiff was 15. [AR 288-293]. Chief complaints were inattentive and oppositional behavior and Tourette syndrome. [AR 288].  Plaintiff and his mother gave a history of attention deficits, motor-vocal tics, oppositional and defiant behavior, and a learning disability. Plaintiff had been in Juvenile Hall for burglary.  On mental status examination, plaintiff exhibited motor-vocal tics, a high activity level for his age, poor attention span, mood shifts, some garbled speech, linear though process, poor impulse control, impaired recent memory, poor judgment, and anti-social traits. [AR 291].

Dr. Glatch diagnosed attention deficit hyperactivity disorder, by history; learning disorder, not otherwise specified; conduct disorder; and Tourette syndrome, by history. [AR 292].  Dr. Glatch assigned

plaintiff a Global Assessment of Function ("GAF") scale of 55, signifying moderate symptoms, such as flat affect or occasional panic attacks, or moderate difficulty in social, occupational, or school functioning, such as having few friends or conflicts with peers or co-workers. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders Multiaxial Assessment 30, 34 (4th ed. 1994)(revised 2002). Dr. Glatch prescribed Risperdal, an anti-psychotic drug; Cogentin, used to treat involuntary movements; and Prozac. He subsequently added Topamax, an anticonvulsant, to plaintiff's regimen. [AR 299, 360]. Dr. Glatch saw plaintiff on a regular basis for medication monitoring for more than two years, until April 2006. [AR 281-299, 356-373]. During the March 2007 hearing, plaintiff's mother testified that plaintiff was no longer taking medication of any kind because he could not tolerate the side effects. [AR 385].

In March 2004, Dr. Glatch signed an assessment form indicating that plaintiff had moderate limitations in his ability to relate to others, respond appropriately to supervision and co-workers, respond to customary work pressures, perform complex tasks, and understand, remember, and carry out directions. [AR 282]. Dr. Glatch indicated that plaintiff had slight restrictions in daily activities and personal habits, slight constriction of interests, and a slight limitation in his ability to perform tasks that were simple, repetitive, or varied. [AR 282]. Dr. Glatch also stated that plaintiff had slight defects in memory and orientation, slight regressive behavior, a moderate defect in judgment, and none of the following: inappropriateness of affect, blocking, illogical association of ideas, delusions and hallucinations. [AR 282-283].

The ALJ based his finding of no disability on the findings and conclusions of the Commissioner's consultative psychologist, Dr. Goldman, and consultative internist, Dr. Fabella, whose examination reports were summarized in the ALJ's decision. [See AR 14-15]. Citing an exhibit that included Dr. Glatch's November 2003 report, the ALJ referred to "[c]linical records submitted by Barstow Counseling and Mental Health Center," but that exhibit did not include all of Dr. Glatch's treatment notes or the March 2004 assessment form. [AR 15 (citing AR 357-373)]. The ALJ said that those records documented "several no-shows for treatment and the remaining examinations failed to offer any findings which would credibly establish functional limitations greater than that found herein." [AR 15]. That superficial analysis highlights the occasions when plaintiff was a "no show" while ignoring the actual frequency, duration, and extent of

the treatment he obtained from Dr. Glatch, whose treatment reports were not specifically described or discussed. The ALJ also failed to acknowledge and give reasons for rejecting Dr. Glatch's March 2004 opinion.

When a treating physician's medical opinion as to the nature and severity of an individual's impairment is well-supported and not inconsistent with other substantial evidence in the record, that opinion must be given controlling weight. Orn v. Astrue, 495 F.3d 625, 631-632 (9th Cir. 2007); Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001) ; Social Security Ruling ("SSR") 96-2p, 1996 WL 374188 SSR 96-2p, 1996 WL 374188, at *1-*2. Even where a treating physician's opinion is contradicted by substantial evidence in the record, such as the opinion of an examining physician based on independent clinical findings, that opinion is "still entitled to deference" and should be evaluated using the factors set forth in the Commissioner's regulations. Orn, 495 F.3d at 632 (quoting SSR 96-2p at 4); see Edlund, 253 F.3d at 1157; 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).[1]

The ALJ committed legal error in failing to discuss, and provide specific, legitimate reasons for rejecting, the findings and opinion of plaintiff's treating psychiatrist, Dr. Glatch. See Orn, 495 F.3d at 632; Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001). Therefore, the Commissioner's decision must be reversed.[2]

///

---

[1] Those factors include the length of the treatment relationship, the frequency of examination by the treating physician, and the nature and extent of the treatment relationship between the patient and the treating physician. Additional factors relevant to evaluating any medical opinion include the degree to which the opinion is supported by other evidence in the record, the "quality of the explanation provided" by the physician, the consistency of the medical opinion with the record as a whole, the physician's speciality, and "[o]ther factors" such as the degree of understanding a physician has of the Administration's "disability programs and their evidentiary requirements" and the degree of his or her familiarity with other information in the case record. Orn, 495 F.3d at 631; 20 C.F.R. §§ 404 .1527(d)(2)-(6), 416.927(d)(2)-(6).

[2] Plaintiff also challenges the ALJ's finding that plaintiff can perform his past relevant work. Because reversal is warranted on other grounds, that contention will not be considered separately. Moreover, the ALJ made an alternative finding that plaintiff can perform other work that exists in significant numbers in the national economy, so any error in the ALJ's characterization of plaintiff's past relevant work is not dispositive.

**Remedy**

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion), cert. denied, 531 U.S. 1038 (2000). The Ninth Circuit has observed that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (quoting INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)). A district court, however,

> should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) (citing Harman, 211 F.3d at 1178). The Harman test "does not obscure the more general rule that the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." Harman, 211 F.3d at 1179; see Benecke, 379 F.3d at 593 (noting that a remand for further administrative proceedings is appropriate "if enhancement of the record would be useful").

Because it is not clear from the record that the ALJ would be required to award benefits if the treating source evidence had been properly weighed, see Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004), the appropriate remedy is a remand for further administrative proceedings and issuance of a new decision reflecting a legally sound evaluation of the medical evidence, testimony, and vocational evidence of record.

///
///
///

## Conclusion

For the reasons stated above, the Commissioner's decision is not supported by substantial evidence and does not reflect application of the proper legal standards. Accordingly, the Commissioner's decision is reversed, and the case is remanded for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

DATED: August 26, 2008

_____
ANDREW J. WISTRICH
United States Magistrate Judge